UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-MJ-9362 RHH |
| | ) |
| DELEON FORD, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America (the "Government"), by and through Sayler A. Fleming, United States Attorney, and Tracy L. Berry, Assistant United States Attorney, for the Eastern District of Missouri, and hereby moves the Court to order Defendant Deleon Ford ("Defendant") detained pending trial, and requests that a detention hearing be held within three days of Defendant's initial appearance, pursuant to Title 18, United States Code, Section 3142(f)(2). In support of this motion, the Government states as follows:

**INTRODUCTION**

1. Defendant is charged with the crime of aggravated identity theft pursuant to Title 18, United States Code, Section 1028A. Because of the weight of the evidence against defendant, the nature and circumstances of the offense, and defendant's history and characteristics, the case involves a serious risk that Defendant will flee. Further, there is no condition or combination of conditions that will reasonably assure his future appearance or assure the safety of any other person and the community, and Defendant should be detained pending trial.

**LEGAL STANDARD**

2. Under the Bail Reform Act, a defendant must be detained where—as here—two conditions are met: (1) the case involves a serious risk of a defendant's flight, and (2) no conditions can reasonably assure the defendant's appearance or the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(A) ("The judicial officer shall hold a [detention] hearing . . . in a case that involves - - a serious risk that such person will flee[.]"); 18 U.S.C. § 3142(e)(1) (the "judicial officer shall order the detention of the person . . . [i]f, after a [detention] hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community").

3. As the Eighth Circuit has made clear, in determining whether these two conditions are met, this Court need not conduct a "rigid two-step inquiry." *United States v. Cook*, 87 F.4th 920, 924 (8th Cir. 2023). Rather, this Court "permissibly conduct[s] the two inquiries in a single detention hearing," in part, because "the two inquires, while not identical, substantially overlap." *Id.* Indeed, the Eighth Circuit has recognized that "the § 3142(g) factors . . . are relevant both to determining whether [the] Defendant presents a serious risk of flight and [whether] there are conditions of release that will reasonably assure Defendant's appearance." *Id.* (quoting *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015)).

**ARGUMENT**

4. As explained below, there is a serious risk that Defendant will flee if not detained pending trial, and there is no condition or combination of conditions that will reasonably assure his appearance.

5. Defendant poses a risk of flight for the following reasons:

    a.    Defendant has a history of committing identity theft and possessing and using counterfeit identification documents and the identities of others;

    b.    Defendant violently resisted the police officer who was attempting to detain him on August 27, 2024;

    c.    Defendant has a history of failing to appear for court proceedings;

    d.    Multiple jurisdictions have outstanding warrants and wanteds pending against the defendant including a wanted for the unlawful possession of a firearm and a wanted for domestic assault in the fourth degree;

    e.    The Missouri Department of Corrections issued a parole violation for the defendant;

    f.    Defendant lacks stable employment.

6.    Defendant has a history of failing to appear, which "weigh[s] heavily in favor of finding a serious risk that such person will flee." *Cook*, 87 F.4th at 925. Specifically, Missouri Case Net recorded the issuance of a warrant for failure to appear on January 10, 2024 in case number 23SL-CR12748.

7.    Pursuant to the parole violation issued by the State of Missouri Department of Corrections, Defendant has a history of violating conditions of court-supervised release, demonstrating that he is unlikely to abide by any conditions imposed by the Court here, to include appearing as required.

8.    In addition to having the ability to flee, Defendant has an incentive to flee based on the strength of the evidence against him. *See* 18 U.S.C. § 3142(g)(2). This includes, but is not limited to, the information set forth in the complaint affidavit.

9.    Further, Defendant's history and characteristics necessitate his detention. *See* 18 U.S.C. § 3142(g)(3).

3

10. The Government also notes that Defendant's violent actions against a police officer who was conducting a criminal investigation as well as allegations that Defendant, a convicted felon, possessed a firearm and engaged in a domestic assault may be considered as evidence of Defendant's danger to the community.

11. In sum, the totality of the relevant factors set forth in Section 3142(g) demonstrate that Defendant presents a serious flight risk and that there is no condition or combination of conditions that will reasonably assure his appearance in the future or the safety of the community.

WHEREFORE, the Government requests that the Court hold a detention hearing within three days of Defendant's initial appearance and, following such hearing, order that Defendant be detained pending trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*s/ Tracy Lynn Berry*
TRACY LYNN BERRY #014753 TN
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200